### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,      )
     )
        Plaintiff,      )
     )
        v.      )     Case No. 3:20-cr-0009
     )
JOHN MICHAEL BURGOS,      )
     )
        Defendant.      )
     )

## ORDER

**BEFORE THE COURT** is the motion of John Michael Burgos ("Burgos") to allow Burgos to appear via videoconference for his sentencing hearing, filed January 15, 2021. (ECF No. 47.) For the reasons stated below, the Court will grant Burgos' motion.

On February 27, 2020, the grand jury charged Burgos with a one-count indictment for unlawful possession of a machinegun. On September 28, 2020, the Court accepted Burgos' plea of guilty to count one of the indictment. Burgos' sentencing hearing is set for January 21, 2021.

On January 15, 2021, Burgos filed a motion requesting the Court to enter an order authorizing Burgos to appear at the sentencing hearing via video-link. The United States has not responded to Burgos' request to conduct the sentencing by videoconference.

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by videoconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use videoconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent

of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic ("CARES Act order"). In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencings for a period of 90 days. On July 8, 2020, October 6, 2020, and January 4, 2021, the Chief Judge extended the initial CARES Act order, each time for another 90-day period unless terminated earlier. The current order extends the authorization until April 4, 2021.

Burgos asserts that he has been informed of his right to be physically present at his sentencing. He affirms that he was also told he could "waive the in-court appearance in favor of videoconferencing and he has agreed." (ECF No. 47 at 4.) Furthermore, Burgos reports that it is his "counsel's understanding that the Government does not oppose the motion for a videoconference hearing." *Id.* at 5.

Burgos asserts that he has been detained for eleven months, since February 21, 2020, for this matter. Burgos represents that the "[t]he count to which the Defendant [pled] has an offense level of 18 and adjusted offense level of 15 and a guideline range of 18-24 months." *Id.* Burgos further contends that the Bureau of Prisons ("BOP") cannot consider him for early release to home confinement pursuant to its authority under 18 U.S.C. § 3624(c)(2) and the CARES Act until he has been sentenced in this matter.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process rights by, for example, forcing a defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, while Burgos has not yet served the minimum term of the guideline range, a delay in the sentencing hearing will result in a delay of the BOP's consideration of Burgos for home confinement. As such, Burgos will not be eligible for any release consideration until this Court sentences him. Similar to forcing a defendant to serve greater time in custody than recommended for his offense, delaying the sentencing hearing in this matter would leave Burgos in a state of limbo—where the BOP cannot consider him for early release to home confinement because he has not yet been sentenced by this Court.

Moreover, the number of COVID-19 cases in the Virgin Islands has increased significantly over the last five weeks. This recent spike has caused the Court to pause its resumption of normal operations. As such, it may be a significant time before the Court can safely resume in-person proceedings. In the meantime, the backlog of cases and hearings delayed continues to rise. Given these circumstances, the Court finds that the sentencing hearing in this matter cannot be delayed without serious harm to the interests of justice. *See, e.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020) (concluding

*United States v. Burgos*
Case No. 3:20-cr-0009
Order
Page 4 of 4

that the sentencing hearing could not be delayed without serious harm to the interests of justice because delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume"); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020) (same).

The premises considered, it is hereby

**ORDERED** that Burgos' motion, ECF No. 47, to conduct the sentencing in this matter by videoconference is **GRANTED**; and it is further

**ORDERED** that the public may access the audio of the videoconference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#.

**Date:** January 15, 2021

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**